United States District Court
Southern District of Texas
**ENTERED**
February 23, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTO MARTINEZ-PADILLA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-20-3726 |
| | § | |
| FORT BEND COUNTY, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this *pro se* state inmate civil lawsuit are (1) the motion to dismiss filed by defendants Fort Bend County Sheriff Detective Charles Willeby ("Willeby") and Fort Bend County (Docket Entry No. 10), to which plaintiff filed a response (Docket Entry No. 16), and (2) plaintiff's motion for joinder of parties (Docket Entry No. 16), to which and defendants filed an amended response (Docket Entry No. 18).[1]

Having considered the motions and responses, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DENIES** the motion for joinder of parties for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

The pleadings show that, on June 15, 2018, plaintiff was arrested in Fort Bend County, Texas, and charged with felony possession with intent to distribute 400 grams or

---

[1] This case was re-assigned to the undersigned district judge on December 9, 2021.

more of methamphetamine. He subsequently pleaded guilty to the offense and was sentenced to a fifteen-year term of incarceration on November 7, 2018.

Plaintiff claims in the instant lawsuit that the arresting officer, defendant Willeby, used excessive force during the arrest and fractured plaintiff's wrists. Plaintiff further claims that Fort Bend County was deliberately indifferent to his serious medical needs in that Fort Bend County Jail medical employees failed to treat his injuries, resulting in pain and improper healing of the fractures. Plaintiff asserts that upon his arrival at the Texas Department of Criminal Justice, a physician told him he would need surgery to correct the improperly healed fractures.

Plaintiff filed the instant lawsuit on October 22, 2020, seeking compensatory and punitive damages against Willeby and Fort Bend County for use of excessive force and deliberate indifference, respectively. No state law claims were pleaded. In their pending motion to dismiss, defendants argue that plaintiff's claims are barred by the applicable two-year statute of limitations.

In his pending motion for joinder of parties, plaintiff seeks to join as defendants former Fort Bend County Sheriff Troy Nehls (currently U.S. Congressman Troy Nehls) and an unnamed "facility doctor." Defendants oppose the motion, arguing, *inter alia*, that plaintiff's claims against these new defendants would be barred by limitations.

## II. ANALYSIS

A.    Limitations

Plaintiff brings his claims against the defendants pursuant to 42 U.S.C. § 1983. Civil rights claims under section 1983 are governed by the two-year statute of limitations provided by Texas law. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); TEX. CIV. PRAC. & REM. CODE § 16.003(a). The two-year limitations period "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

Plaintiff's factual allegations in his complaint show that he knew at the time of his arrest on June 15, 2018, that he had been injured during the arrest, and that defendant Willeby had caused the injuries. Thus, plaintiff's claim for use of excessive force against Willeby accrued on June 15, 2018. Plaintiff's factual allegations further show that he requested medical attention for his injuries upon his arrival at the Fort Bend County Jail on June 15, 2018, but was provided only ibuprofen for pain relief. Thus, his claim for deliberate indifference to serious medical needs also accrued on June 15, 2018.

In his response in opposition to the motion to dismiss, plaintiff contends that his claims are not barred by the two-year statute of limitations because the defendants had notice of his injuries on June 15, 2018. (Docket Entry No. 16, pp. 2–3.) In support, plaintiff cites the Texas Tort Claims Act ("TTCA"), which requires that a governmental unit receive notice

not later than six months after the incident that may give rise to a claim under the TTCA. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (West 2020). Plaintiff's reliance on the statutory notice provisions of the TTCA is in error. Plaintiff did not plead any causes of action under the TTCA. Regardless, the statutory provisions cited by plaintiff involve notice, not limitations. That the defendants had notice of plaintiff's injuries on June 15, 2018, did not negate plaintiff's burden to file his lawsuit within two years from the date his causes of action accrued.

Plaintiff's factual allegations make clear that his claims against Willeby and Fort Bend County accrued on June 15, 2018, and that limitations expired two years later, on June 15, 2020. Plaintiff did not file this lawsuit until October 22, 2020, after expiration of limitations. Plaintiff's response to the motion to dismiss sets forth no meritorious grounds for holding his lawsuit timely filed, and his claims for use of excessive force and deliberate indifference are **DISMISSED WITH PREJUDICE** as barred by limitations.

B. <u>Joinder of Troy Nehls</u>

Plaintiff requests the permissive joinder of Troy Nehls pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure. Nehls was the Fort Bend County Sheriff at the time of the events made the basis of this lawsuit.

Rule 20(a)(2) provides that any person may be joined as defendants to one action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B)    any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2)(A)–(B).

To the extent plaintiff seeks to sue Nehls in his official capacity, plaintiff has already named Fort Bend County as a defendant in this lawsuit. His claims against Fort Bend County and Nehls in his official capacity are one and the same, and the proposed joinder does not satisfy the requirements of Rule 20(a)(2)(A). *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("A Section 1983 lawsuit against a defendant in his or her official capacity is a suit against his or her employer."). Plaintiff's motion to join Troy Nehls as a defendant in his official capacity is **DENIED**.

To the extent plaintiff seeks to sue Nehls in his individual capacity, he fails to plead factual allegations sufficient to raise a viable claim against Nehls in his individual capacity. "To be liable under § 1983, [the defendant] must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lieutenant Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017). Plaintiff pleads no factual allegations showing that Nehls was personally involved in the use of excessive force or deliberate indifference to his medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor does he plead factual allegations showing that Nehls engaged in wrongful conduct that was causally connected to an alleged constitutional violation. Moreover, section 1983 does not authorize supervisory liability based only on *respondeat superior* or any theory of vicarious liability. *See Alton v. Texas*

5

*A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) ("Only the direct acts of omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983"); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability"). Plaintiff's motion to join Troy Nehls as a defendant in his individual capacity is **DENIED**.

    C.    <u>Joinder of Unnamed "Facility Doctor"</u>

Plaintiff also requests the permissive joinder of an unnamed facility physician pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure.

Plaintiff's complaint indicates that the lack of treatment and pain medication occurred on June 15, 2018 – over three and one-half years ago. Plaintiff states in his motion that the delay in adding an unnamed physician defendant is "due to plaintiff's language barrier – he does not read nor write the English language." (Docket Entry No. 16, p. 16.) However, plaintiff has been able obtain help in the drafting and filing of his complaint and other pleadings, seek joinder of two new defendants, and oppose defendants' motion to dismiss. In short, plaintiff does not show that a language barrier has prevented his filing and prosecution of the instant lawsuit. The defendants filed an answer on August 9, 2021, but plaintiff did not undertake any discovery in an attempt to identify the unnamed physician he now seeks to add. Nor does he indicate that he was unable to obtain or review copies of his own medical records in an effort to identify the unnamed physician.

Even so, plaintiff fails to plead factual allegations showing that a claim against the unnamed physician, if allowed to proceed, would not be barred by the two-year statute of limitations. Plaintiff's pleadings indicate that the unnamed physician was one of the jail medical staff employees who treated – or failed to treat – plaintiff's injuries on June 15, 2018. Consequently, plaintiff's claims for deliberate indifference against the unnamed facility physician would be barred by limitations, and his motion to join the physician as a defendant is **DENIED**.

### III. CONCLUSION

Defendants' motion to dismiss (Docket Entry No. 10) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE** as barred by limitations. Plaintiff's motion for joinder (Docket Entry No. 16) is **DENIED**. Any and all other pending motions are **DISMISSED AS MOOT**.

**SIGNED** at Houston, Texas on the 23rd day of February, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE